**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

——————————————————X
                                                    :
PATRICIA MADLINGER, on behalf of herself       :
and all others similarly situated,                   :
                                                    :
                    Plaintiff,                        :     Civil Action No.
                                                    :
vs.                                                 :     **CLASS ACTION COMPLAINT AND**
                                                    :     **JURY TRIAL DEMAND**
MERCHANTS & MEDICAL CREDIT          :
CORPORATION, INC.,                             :
                                                    :
                    Defendant.                       :
                                                    :
——————————————————  X

Plaintiff PATRICIA MADLINGER (hereinafter "Plaintiff"), on behalf of herself

and all others similarly situated, by and through her undersigned attorney, alleges against

the above-named Defendant MERCHANTS & MEDICAL CREDIT CORPORATION,

INC. (hereinafter "Defendant"), its employees, agents, and successors, the following:

**PRELIMINARY STATEMENT**

1.      Plaintiff brings this action for actual and statutory damages and

declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. §

1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which

prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.     Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4.     As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5.     Plaintiff demands a jury trial on all issues.

## PARTIES

6.     The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7.     Plaintiff is a natural person and resident of Ocean County, in the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8.     Based upon information and belief defendant MERCHANTS & MEDICAL CREDIT CORPORATION, INC. is a Michigan Corporation with its

principal place of business located at 6324 Taylor Drive, Flint, Michigan 48507.

9.      Based upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.  Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

10.      Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

11.      This Action is properly maintained as a class action. The Class consists of:

### Class 1

•      All New Jersey consumers who were sent letters and/or notices from Defendant in which the creditor is listed as Capital One, N.A. in a form substantially similar to attached Exhibit C and which sought to collect the total balance due, after having received correspondence from Capital One, N.A. indicating that the default could be cured by paying an amount less than the total balance.

### Class 2

•      All New Jersey consumers who were sent letters and/or notices from

Defendant in which the creditor is listed as Capital One, N.A. in a form substantially similar to attached Exhibit C and which misrepresented the "Current Balance" as the total balance due, when in fact the Current Balance was only the Total Minimum Due or the Amount Past Due.

**Class 3**

•    All New Jersey consumers who after receiving an initial written communication from Defendant, disputed the debt, but Defendant failed to convey the dispute to the original creditor, or failed to convey the dispute to one or more of the three major creditor reporting agencies.

**Class 4**

•    All New Jersey consumers who were sent letters and/or notices from Defendant in which the creditor is listed as Capital One, N.A. in a form substantially similar to attached Exhibit C and which included the alleged conduct and practices described herein.

• The Class period begins one year prior to the filing of this Action, inclusive. . The class definition may be subsequently modified or refined.

12.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

•    Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or

notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit C,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether Defendant violated various provisions of the FDCPA.

    b. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.  Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If the Defendant's conduct is allowed to proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains;

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

13.     Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

14.     Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Service, telephone and/or the Internet.

15.     Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

16.     Sometime prior to January 2, 2019, Plaintiff allegedly incurred a financial obligation to Capital One, N.A. ("Capital One") related to a Kohl's Credit Card Account. ("the Debt").

17.     The Debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

18.     The Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

19.     Capital One is a "creditor" as defined by 15 U.S.C. § 1692a(4).

20.     On December 10, 2018, Plaintiff received an email from Kohl's indicating that the New Balance on the credit card was $604.83, the Total Minimum Due was $369.00 and the due date was January 4, 2019.  The email also indicated that a detailed 12/09/18 Kohl's charge statement for the account was available.  A copy of the December 10, 2018 email is attached as **Exhibit A**.

21.     On December 31, 2018, Plaintiff received an email for Kohl's which indicated that the Amount Past Due was $314.00 and was less than the total minimum due of $369.00 indicated in the December 10, 2018 email.  The email also indicated that

there was still time to qualify for one of Kohl's "current solutions" which may include reduced payments, elimination of late fees and installment options.  A copy of the December 31, 2018 email is attached as **Exhibit B**.

22.     Sometime prior to January 2, 2019, Capital One either directly or through intermediate transactions assigned, placed or transferred the Debt to Defendant for collection.

23.     At the time the Debt was assigned, placed or transferred to Defendant, the Debt was in default.

24.     Defendant caused to be delivered to Plaintiff a letter dated January 2, 2019 concerning the Debt, which sought to collect an amount owed of $604.83.  Attached as **Exhibit C** is a copy of the January 2, 2019 collection letter.

25.     The January 2, 2019 collection letter was Defendant's initial communication to Plaintiff for the Debt.

26.     The January 2, 2019 collection letter were sent or caused to be sent by a person employed by Defendant as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

27.     The January 2, 2019 collection letter was a "communication" as defined by 15 U.S.C. § 1692a(2).

28.     Upon receipt, Plaintiff read the January 2, 2019 collection letter.

29.     The January 2, 2019 collection letter indicates that, "This account has been placed with our office for collection and calls for payment in full.  Please contact us so we may assist in this matter."

30.     The January 2, 2019 collection letter was mailed before the January 4, 2019 "Due Date" listed in the December 10, 2019 collection email.

31.     However, the January 2, 2019 collection letter includes only the "Current Balance" Amount and fails to indicate that the Plaintiff could return her account to a current status by making the minimum balance due of $369.00 included in the December 10, 2018 email on or before January 4, 2019.

32.     Additionally, the January 2, 2019 collection letter misrepresents the "Current Balance" as the total amount due, when in fact, the Current Balance is less than the total balance since Plaintiff was only obligated to pay the Total Minimum Due or the Amount Past Due in order to bring the account current.

33.     Furthermore, the January 2, 2019 collection letter fails to indicate that the Plaintiff could also have cured the delinquency in the account by paying the past due amount of $314.00 listed in the December 31, 2018 email sent to Plaintiff only two days earlier.

34.      Additionally, the January 2, 2019 collection letter fails to make mention of the offer included in the December 31, 2018 email from 2 days earlier indicating that Plaintiff may qualify for reduced payments, elimination of late fees and installment Options.

35.     By only representing the full current balance of Plaintiff's alleged debt as the amount due, the January 2, 2019 collection letter is false, deceptive and misleading.

36.     Based upon information and belief, the acceleration clause in the underlying credit card agreement governing the Kohl's debt provided for an optional, rather than mandatory acceleration of the debt upon Plaintiff's default.

37.     Thus, the January 2, 2019 collection letter misrepresents that the full current balance was due, when in fact only the minimum or past due amount could have

9

cured the default and put plaintiff back in good standing on the account.

38.    By emailing the December 10 and December 31, 2018 emails to Plaintiff, Capital One waived its right to accelerate the balance of the account before January 4, 2019, and as of January 2, 2019 when Defendant mailed the collection letter, Capital One had not exercised the optional acceleration clause.

39.    The least sophisticated consumer would not be able to determine whether the debt had been accelerated or not, or how much debt is actually due as of the date of the January 2, 2019 letter since the January 2, 2019 letter calls for payment in full, while the December 10 and 31, 2018 emails indicated that only a "Total Minimum Due" or "Amount Past Due" could be paid.

40.    On January 19, 2019, after receiving the January 2, 2019 collection letter from Defendant, Plaintiff sent Defendant a letter disputing the Debt and seeking verification of the Debt.

41.    However, after Plaintiff disputed the debt with Defendant, Defendant failed convey the dispute to the three major credit reporting agencies or failed to convey the dispute to Kohl's to in turn inform the three major reporting agencies of the dispute.

42.    Plaintiff suffered injury in fact by being subjected to the unfair and abusive practices of Defendant.

43.    Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

44.    Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

45.    Defendant violated Plaintiff's right to a trustful and fair debt collection

process.

46.     Under the FDCPA, Plaintiff had the right to receive certain information from Defendant regarding his or her rights under the FDCPA.

47.     Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

48.     Defendant's collection letters provided confusing and incorrect information caused Plaintiff a concrete injury in that Plaintiff was deprived of her right to receive accurate and trustworthy information regarding her rights under the FDCPA.

49.     Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

50.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

51.     As a result of Defendant's conduct, Plaintiff suffered an actual, concrete injury as a result of Defendant's failure to provide Plaintiff information required under the FDCPA.

52.     Plaintiff's receipt of a collection letter which provided incorrect, incomplete and confusing information constitutes a concrete injury.

53.    The failure of Defendant to provide correct information impeded Plaintiff's ability to make a well-reasoned decision.

54.    Defendant's failure to provide accurate information injured Plaintiff in that it impacted her ability to decide on how to proceed with respect to the matter – will he hire an attorney, represent himself, payoff the debt, engage in a payment plan, file for bankruptcy, etc.

55.    The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

## POLICIES AND PRACTICES COMPLAINED OF

56.    It is Defendant's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit C**, which violate the FDCPA, by *inter alia*:

    (a)    Using false, deceptive or misleading representations or means in connection with the collection of a debt;

    (b)    By making false representations of the character or legal status of a debt; and

    (c)    Using unfair or unconscionable means to collect or attempt to collect any debt.

57.    On information and belief, Defendant sent written communications, in the form annexed hereto as Exhibit C to at least 30 natural persons in the State of New Jersey.

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

58.     Plaintiff repeats the allegations contained in paragraphs 1 through 57 as if the same were set forth at length.

59.     Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

60.     By sending a collection letter, the same as or substantially similar to the January 2, 2019 collection letter, Defendant violated:

A.  15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

B.   15 U.S.C. §1692e(2)(A), by falsely representing the character, amount, or legal status of any debt;

C.  15 U.S.C. §1692e(2)(B), by falsely representing any services rendered or compensation which may lawfully be received by a debt collector for the collection of a debt;

D.  15 U.S.C. §1692e(5) by threating to take any action that cannot leally be taken or this is not intended to be taken;

E.  15 U.S.C. §1692e(8), by failing to communicate that a disputed debt is disputed;

F.  15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff;

G. 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt; and,

H. 15 U.S.C. §1692f(1), by collecting or attempting to collect any amount not expressly authorized by the agreement creating the debt or permitted by law.

I. 15 U.S.C. §1692g(b) by engaging in collection activities and communications which overshadow or are inconsistent with the consumer's rights.

**WHEREFORE**, Plaintiff, on behalf of herself and others similarly situated, demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding reasonable attorneys' fees, costs and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:  Rutherford, New Jersey
         January 2, 2020

Respectfully submitted,

By: s/ Lawrence C. Hersh
    Lawrence C. Hersh, Esq.
    17 Sylvan Street, Suite 102B
    Rutherford, NJ  07070

14

(201) 507-6300
*Attorney for Plaintiff*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: January 2, 2020                    By: s/ Lawrence C. Hersh
                                               Lawrence C. Hersh, Esq

EXHIBIT A

 **Gmail**

Pat M <███████@gmail.com>

---

## Your Kohl's Charge Statement and Annual Privacy Notice Is Available Online

1 message

---

**MyKohlsCharge@kohls.com** <MyKohlsCharge@kohls.com>
Reply-To: MyKohlsCharge@kohls.com
To: ████████@gmail.com

Mon, Dec 10, 2018 at 11:07 AM

---

Dear PATRICIA MADLINGER,

Your annual privacy notice is available for viewing here.

Your detailed 12/09/2018 Kohl's Charge statement for the account ending in XXX-XXX8-020 is now available.

A statement summary has been included for your convenience.

New Balance: $604.83
Total Minimum Due: $369.00
Due Date: 01/04/19

Remember you can pay your bill online! Click the "Payments" link from the homepage of My Kohl's Charge to make your payment today. It's quick, easy and free.

Sincerely,
Kohl's Customer Service

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PLEASE DO NOT REPLY TO THIS EMAIL
This email is generated automatically, and is not monitored for responses. If you have any questions about using this service, visit our online help at:
https://cs.kohls.com

This e-mail was sent to pamadlin@gmail.com and contains information directly related to your account with us, other services to which you have subscribed, and/or any application you may have submitted.
© 2018 Kohl's Department Stores, Inc. Kohl's is a federally registered service mark. All rights reserved.

EXHIBIT B

 Gmail

Pat M <████████@gmail.com>

## Action needed! We've been trying to reach you

**Kohl's** <service.customer@kohls.com>                                                                Mon, Dec 31, 2018 at 1:45 PM
Reply-To: Kohl's <service.customer@kohls.com>
To: ████████@gmail.com

Contact us for help

### KOHL'S

Account ending in ******8020
Amount Past Due: $314.00

## Payment immediately required

Patricia Madlinger,

We have made several unsuccessful attempts to work with you to resolve this matter. Your account is now seven payments past due. You still have time to qualify for one of our current solutions, which may include:

- Reduced payments
- Elimination of late fees
- Installment options

**Call us at 1-877-487-1646** before it's too late. We are here from 7:00 a.m. to 11:00 p.m. Central Time, seven days a week.

Make an online                    Call us at
payment here                    1-877-487-1652

Sincerely,
Your Kohl's Payment Solutions Team

If you made a recent payment for at least the total amount due on the account, please disregard this email reminder.

This is a communication from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

If you choose not to receive Collections emails, please call 1-877-487-1647. The agent you reach will only have the ability to exclude your e-mail address from receiving Collections messages on your Kohl's Charge card. You may continue receiving email messages regarding other matters on your Kohl's Charge account.

DO NOT REPLY TO THIS EMAIL. This email address does not accept replies. If you have a question regarding this communication, please contact Kohl's at 1-877-487-1647.

Follow us on

powered by **Striata**

EXHIBIT C



**Merchants & Medical Credit Corporation, Inc.**

6324 Taylor Drive, Flint, Michigan 48507-4685
Local (810) 244-3318    Toll-Free (877) 931-8222

Business Hours - Eastern Standard Time
Monday - Thursday    8:15 A.M. -  9:00 P.M.
Friday                        8:15 A.M. -  5:30 P.M.
Saturday                   8:15 A.M. - 12:30 P.M.

Statement Date:        January 2, 2019
Reference Number:        ▮3346
CURRENT CREDITOR: CAPITAL ONE, N.A.
ORIGINAL CREDITOR: CAPITAL ONE, N.A.
RE: YOUR KOHL'S CREDIT CARD ACCOUNT *******2052
CURRENT BALANCE: $604.83

Dear PATRICIA MADLINGER

This account has been placed with our office for collection and calls for payment in full.  Please contact us so we may assist you in this matter.

Unless you notify us within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, we will assume the debt is valid. If you notify us in writing within 30 days after receiving this notice that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of a judgment against you and a copy of the verification or judgment will be mailed to you. If you make a written request to us within 30 days after receiving this notice, we will provide you with the name and address of the original creditor, if different from the current creditor.

Nick Pendleton, Ext. 433

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.  THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

1101-ONMERC01-14-11/20/17

---

**\*\*\* Detach Lower Portion And Return With Payment \*\*\***

PO Box 505
Linden MI 48451-0505
ADDRESS SERVICE REQUESTED

Inside Michigan          (810) 244-3318
Outside Michigan       (877) 931-8222
Business Hours - Eastern Standard Time
Monday - Thursday    8:15 A.M. -  9:00 P.M.
Friday                        8:15 A.M. -  5:30 P.M.
Saturday                   8:15 A.M. - 12:30 P.M.

Reference Number:    ▮3346
Current Balance: $604.83



14 - 1101
PATRICIA MADLINGER

Merchants & Medical
Credit Corporation, Inc.
6324 Taylor Drive
Flint MI 48507-4685